| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| 2 | Manuel A. Abascal (Bar No. 171301)<br>(manny.abascal@lw.com) |
| 3 | Kristen M. Tuey (Bar No. 252565)<br>(kristen.tuey@lw.com) |
| 4 | Leila B. Azari (Bar No. 262443)<br>(leila.azari@lw.com) |
| 5 | 355 South Grand Avenue<br>Los Angeles, California 90071-1560 |
| 6 | Telephone: +1.213.485.1234<br>Facsimile: +1.213.891.8763 |
| 7 | Attorneys for Plaintiff |
| 8 | Hilliard Williams |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILLIARD WILLIAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WILLIAMS, an individual; J. PIAZZA, an individual; REINKE, an individual; J. FORTELNY, an individual; KNIGHT, an individual, and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. CV 08-7958 JVS (FMOx)<br><br>**PLAINTIFF'S PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL PERSONNEL RECORDS**<br><br>Date: September 14, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 927-F<br><br>Trial Date: November 15, 2011<br><br>NOTE CHANGES MADE BY THE COURT. |

The Court has read and considered the County of Los Angeles's Motion to Quash or Alternatively Modify Plaintiff's Subpoena, Plaintiff's Opposition, and all related filings.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED** that:

1. The County of Los Angeles ("County") shall fully respond to all document requests in the subpoena as modified by the Court's Order re: Motion to Quash to the County in this matter, and shall produce all responsive documents to Plaintiff's counsel consistent with the instructions in the subpoena.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2296045.1

PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL
PERSONNEL RECORDS

2.  For purposes of this Order, all records produced by the County in response to subpoena requests numbered 2 through 6, inclusive, and 20, shall be termed "Confidential Information."

3.  Confidential Information shall not be used for any purpose other than a court proceeding pursuant to applicable law in connection with the above-captioned case, including any appeal resulting therefrom.

4.  Confidential Information shall not be transmitted, whether orally or in written form, into any computer program or database, and Confidential Information shall not be listed manually in any manual, notebook, or other listing as it pertains to law enforcement personnel.  This Paragraph does not apply to any computer programs, notebooks, manuals, or other listings maintained in connection with the present case.

5.  Confidential Information shall be disclosed only to the personnel and/or classifications of persons listed below:

    a.  Counsel for any party to this action;
    b.  Staff personnel employed by counsel for any party;
    c.  The Court and its personnel, in connection with the present case;
    d.  Experts or consultants retained to work on the present case by counsel for any party;
    e.  Investigators retained by counsel for any party;
    f.  Witnesses and the jury at trial.

6.  Confidential Information may be disclosed and cited by counsel for any party in support of, or in opposition to, any motion before the Court in this case.  Confidential Information also may be used at trial in this matter.  If Confidential Information, or any portion thereof, is disclosed in connection with any proceeding in this matter other than at trial such that the Confidential Information will become public record, counsel for the party disclosing the Confidential Information shall redact any and all addresses and telephone numbers of any person, including any person who is a party to this action, identified in the Confidential Information, or portion thereof, being disclosed.

7. Neither counsel for any party, nor any person to whom the Confidential Information is disclosed pursuant to Paragraph 6, shall provide to Plaintiff, either orally or in writing, any address or telephone number of any person identified in the Confidential Information.

8. If counsel for any party discloses Confidential Information to any individual pursuant to Paragraph 6 of this Order, counsel first shall advise any such individual to whom disclosure is to be made of the contents of this Protective Order and shall obtain the consent of every such individual that he or she shall be bound by this Protective Order. In the event that any such individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information will be made to such individual.

9. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of Confidential Information, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal, or otherwise, until further order of this Court.

10. Nothing in this Protective Order is intended to prevent officials or employees of the Los Angeles County Sheriff's Department, individual Deputy Sheriffs, or other authorized individuals from having access to Confidential Information to which they would have had access in the normal course of their duties.

**IT IS SO ORDERED.**

DATED: 10/3/11                                             /s/
                                                HON. FERNANDO M. OLGUIN
                                                United States Magistrate Judge

| | | |
|---|---|---|
| 1 | Dated: August 24, 2011 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| | |    Manuel A. Abascal |
| 3 | |    Kristen M. Tuey |
| | |    Leila B. Azari |
| 4 | | |
| 5 | | |
| | | By: /s/ Kristen M. Tuey |
| 6 | |    Kristen M. Tuey |
| | |    Attorneys for Plaintiff |
| 7 | |    Hilliard Williams |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28